[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17254
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00511-SCB-AAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO YUNIEL GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 14, 2018)

Before TJOFLAT, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Alberto Yuniel Garcia appeals his total 74-month sentence after he pled guilty to seven counts of use of one or more counterfeit credit cards, in violation of 18 U.S.C. §§ 1029(a)(1) and 2 (Counts 1-7) and seven counts of aggravated identity theft, in violation of 18 U.S.C. §§ 1029(a)(1) and 2 (Counts 8-14).  On appeal, Garcia argues that the District Court: (1) committed a procedural error because it relied on a co-conspirator's hearsay statement in determining the loss amount, and thus, miscalculated his applicable guideline range; (2) clearly erred in determining the loss amount by attributing losses from a separate conspiracy (the "Mesa Conspiracy") to his intended loss amount; and (3) clearly erred in denying his request for a downward variance based on his diminished role in the offense.

## I.

We review the reasonableness of a sentenced imposed by the district court for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  A sentence may be procedurally unreasonable if the district court improperly calculates a defendant's guideline range.  *Id.* at 51.  We review the district court's interpretation of the Sentencing Guidelines and its application of the Guidelines to the facts *de novo*, but review the court's findings of fact for clear error.  *See United States v. Register*, 678 F.3d 1262, 1266 (11th Cir. 2012).  We will find that the district court clearly erred if we are "left with a definite and firm conviction that a

mistake has been committed." *United States v. Maxwell*, 579 F.3d 1282, 1305 (11th Cir. 2009) (quotation marks omitted).

A sentencing court may consider any information, including hearsay, regardless of its admissibility at trial, provided that: (1) "the evidence has sufficient indicia of reliability"; (2) "the court makes explicit findings of fact as to credibility"; and (3) "the defendant has an opportunity to rebut the evidence." *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010) (quotation marks omitted). "To show that the evidence lacks minimal indicia of reliability a defendant must establish (1) that the challenged evidence is materially false, and (2) that it actually served as a basis for the sentence." *United States v. Bourne*, 130 F.3d 1444, 1447 (11th Cir. 1997) (quotation marks omitted). The court's failure to make explicit findings as to reliability, however, "does not necessarily require reversal or remand where the reliability of the statements is apparent from the record." *United States v. Docampo*, 573 F.3d 1091, 1098 (11th Cir. 2009) (quotation marks omitted).

Here, the District Court did not err by relying on the detective's account of the co-conspirator's out-of-court statements at sentencing in determining Garcia's loss amount. Garcia failed to prove that the detective's testimony regarding his co-conspirator's statements was materially false or served as the basis of his sentence. *See Bourne*, 130 F.3d at 1444. The record does not reveal that the Court

3

relied explicitly on the co-conspirator's statements in determining Garcia's intended loss amount. Rather, the record shows only that the District Court concluded that the Government put on sufficient testimony to substantiate the probation officer's amount-of-loss determination. *See Rodriguez*, 765 F.2d at 1555. Moreover, even assuming the Court relied on hearsay evidence in determining Garcia's loss amount and base offense level, the detective's testimony bore sufficient indicia of reliability to be considered at sentencing: the co-conspirator's statements were materially consistent with statements made by other co-conspirators and non-hearsay evidence introduced at sentencing. *See Gordon*, 231 F.3d at 761; *Bourne*, 130 F.3d at 1447.

Accordingly, to the extent that the Court considered Cabrales's statements in determining Garcia's loss amount, the reliability of these statements was apparent from the record. Therefore, the District Court did not err in calculating Garcia's base offense level under the Guidelines. *See Docampo*, 573 F.3d at 1098. For these reasons, we affirm Garcia's sentence as to this issue.

## II.

We review the District Court's loss determination for clear error. *United States v. Cabrera*, 172 F.3d 1287, 1292 (11th Cir. 1999). For offenses involving fraud, the Guidelines provide an increase to a defendant's offense level depending on the amount of loss that resulted from the fraud. U.S.S.G. § 2B1.1(b)(1).

4

Section 2B1.1(b)(1)(H) provides for a 14-level enhancement where the loss from an offense was more than $550,000 but less than $1,500,000. *Id.* § 2B1.1(b)(1)(H)-(I). "When calculating loss for sentencing purposes, the District Court looks to the greater of actual loss or intended loss." *United States v. Willis*, 560 F.3d 1246, 1250 (11th Cir. 2009) (quotation marks omitted). When a case involves counterfeit credit cards, the "loss includes any unauthorized charges made with the counterfeit access device or unauthorized access device and shall be not less than $500 per access device." U.S.S.G. § 2B1.1, comment. (n.3(F)(i)).

The district court need only make a reasonable estimate of the loss, but it may not speculate about the existence of a fact, and it must base its loss estimate on reliable and specific evidence. *United States v. Barrington*, 648 F.3d 1178, 1197 (11th Cir. 2011). The Government bears the burden of establishing the attributable loss by a preponderance of the evidence. *See United States v. Rodriguez*, 751 F.3d 1244, 1255 (11th Cir. 2014). If the defendant is involved in "jointly undertaken criminal activity," then the district court, in determining the defendant's base offense level, considers "all acts and omissions" by others that were (1) within the scope of the joint criminal activity, (2) in furtherance of the criminal activity, (3) "reasonably foreseeable in connection with that criminal activity," and (4) performed during or in preparation for the offense. U.S.S.G. § 1B1.3(a)(1)(B).

Here, the District Court properly attributed the actual loss and intended loss from the Mesa Conspiracy to Garcia's loss determination.  The identical manner in which the schemes were performed, the use of counterfeit cards manufactured from information stolen from the same place, and his co-conspirator's statements—which indicated that Garcia would obtain additional fraudulent cards for his personal use, all suggest that Garcia was aware of the overall scope of the Mesa Conspiracy and involved in the jointly undertaken criminal activity.  *See* U.S.S.G. § 1B1.3(a)(1)(B).  Accordingly, the Court did not clearly err in its conclusion that the Government proved by a preponderance of the evidence that the probation officer properly included the intended loss amount associated with the Mesa Conspiracy in Garcia's intended loss calculation.  Hence, we affirm the 14-level enhancement to Garcia's offense level.  *See* § 2B1.1(b)(1)(H); *Rodriguez*, 751 F.3d at 1255; *Cabrera*, 172 F.3d at1292.

### III.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard.  *United States v. Irey*, 612 F.3d 1160, 1186 (11th Cir. 2010) (en banc).  We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id*. at 1190.  The party who challenges

6

the sentence bears the burden of showing that the sentence was unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We examine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Gall*, 552 U.S. at 51.

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court's sentence should take into account the nature and circumstances of the offense and the history and characteristics of the defendant. *Id.* § 3553(a)(1). Moreover, the kinds of sentences available should be considered. *Id.* § 3553(a)(3). In imposing a particular sentence, the court must also consider the need to avoid unwarranted sentencing disparities. *Id.* § 3553(a)(6). That a sentence is within the guideline range and is well below the statutory maximum are both factors indicative of reasonableness. *United States v. Cubero*, 754 F.3d 888, 898 (11th Cir. 2014). The district court has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate. *Id*. at 892.

The district court's determination of a defendant's mitigating role for guideline calculation purposes is a fact finding reviewed for clear error, which the

7

defendant bears the burden of proving. *De Varon*, 175 F.3d at 937-939. In *De Varon*, we established a two-part test to determine whether a defendant qualifies for a minor-role adjustment. *See id.* at 940. First, the district court must measure the defendant's role against the relevant conduct for which he was held responsible at sentencing. *Id*. at 940-941. Second, the district court may also measure the defendant's role against other participants, to the extent they are discernable, in that relevant conduct. *Id*. at 945. The fact that the defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of the role in the offense, as it is possible that none are minor or minimal participants. *Id*. at 944. The defendant must be less culpable than most other participants in his relevant conduct. *Id*.

While Garcia's brief on appeal states that the District Court clearly erred in denying his "U.S.S.G. § 3B1.2 motion for downward departure," at sentencing, he chose to frame his role argument in the context of a variance motion, not as an argument that his guideline range should have been lower. Consequently, the District Court's denial of his role-based variance motion is reviewed for an abuse of discretion, as a part of whether the sentence chosen by the District Court is substantively reasonable.[1] *Irey*, 612 F.3d at 1186.

---

[1] To the extent Garcia argues for the first time on appeal that he should have received a minor role adjustment in his base offense level, pursuant to U.S.S.G. § 3B1.2, for the reasons below, the District Court did not plainly err. *See United States v. Bennett*, 472 F.3d 825, 831

8

Garcia's sentence is substantively reasonable.  Although the District Court did not explicitly mention its factual findings regarding Garcia's role in the offense, the record supports its denial of a role-based variance because Garcia failed to prove by a preponderance of the evidence that (1) his actual conduct was any different from the relevant conduct for which he was held accountable at sentencing, or (2) he was less culpable than most other participants in his relative conduct.  *See De Varon*, 175 F.3d at 939, 945.

Garcia's sentence also is not outside the range of reasonable sentences dictated by the facts of the case.  Specifically, Garcia helped perpetuate two large-scale credit card fraud schemes that resulted in a combined total loss amount of $723,120.96.  The loss amount Garcia was held accountable for and his actions within the conspiracy reflect the serious nature of his offense, and the need to provide a punishment that would be just and afford adequate deterrence to criminal conduct.  *See* 18 U.S.C. § 3553(a)(1)-(2).  Moreover, Garcia's total 74-month sentence fell well below the statutory maximum and within the advisory guideline range, indicating that the sentence was reasonable.  *Cubero*, 754 F.3d at 898.

Accordingly, Garcia's sentence is substantively reasonable.  *See Irey*, 612 F.3d at 1186.

---

(11th Cir. 2006) (reviewing for plain error where a sentencing challenge is raised for the first time on appeal).

9

**AFFIRMED.**